Gabrielli, J.
(dissenting). I believe our decision in People v Moore (47 NY2d 911) governs the disposition of ' this case and requires an affirmance of the order of the Appellate Division sustaining the defendant’s conviction of robbery, second degree.
The events leading to defendant’s arrest are not in substantial dispute. At 8:00 a.m. on a Saturday morning, two police officers observed defendant walking down the street. *257 His clothing was dirty, his hair disheveled, and he was carrying a shopping bag. Defendant noticed the officers and made a quick turn onto another street, continuing to look back at the police officers. The officers pulled up near defendant and approached him, asking him what he had in the bag. The defendant responded that he had a hair dryer, rosary beads and a radio. When asked to identify the make or brand of the radio, defendant said it was a Sylvania. He then proceeded, without request, to take the items out of tide shopping bag and show them to the officers. One officer, noting that the radio was in fact a Zenith, asked defendant if the items belonged to him. Defendant replied that they did, but when further queried why he had misidentified the brand of the radio, defendant changed his story and stated that he had found the items in the garbage a few blocks away. Defendant was then arrested and taken to the Twentieth Precinct, where'the officers learned that the items defendant was carrying were among those stolen in a robbery earlier that morning. Defendant was charged with that robbery, after its victim identified him as the perpetrator.
There is no question that the officers’ conduct, up to the point at which defendant was arrested, was proper. The issue is whether, under the undisputed facts and circumstances, the police officers had probable cause to arrest the defendant. Believing as I do that this case is substantially indistinguishable from our previous holding in People v Moore (47 NY2d 911, revg on dissenting opn below 62 AD2d 155), I would hold that defendant’s arrest was not unreasonable, and there is thus no need to suppress the items seized from him.
In People v Moore, the defendant was observed limping down a street, with a cut on his left temple, and a pillowcase through which the outline of a television set could be discerned. These observations justified the initial encounter between the police and defendant. Further intrusion was found reasonable when the defendant informed the police that he was carrying a Sony television set and a fur coat. Defendant then allowed the officers to look inside the pillowcase, whereupon they discovered watches, jewelry and other *258 items, besides the fur coat and the television, which it turned out, was of the General Electric brand. Defendant could not explain where he got these items. All of these circumstances led to our holding that the officers entertained a reasonable suspicion that defendant had committed a crime.
As noted, I disagree only with the majority’s conclusion that, at the time of the arrest, probable cause did not exist. My disagreement rests upon my belief that the totality of the circumstances must be examined in order to determine whether probable cause existed. At the time of the arrest, the police were faced with an extraordinary collection of items in defendant’s possession, his inability to identify the make of the radio, and, importantly, the change in his explanation regarding the origin of his possession of the items when confronted with his inability to identify the radio’s brand.
That theffiinute details of the encounter might differ but slightly from those present in Moore does not justify a departure from its holding where the totality of circumstances renders the two cases so'"strikingly similar.
Accordingly, I dissent and vote to affirm the order of the Appellate Division.
Judges Jasen, Jones, Wachtler and Meyer concur with Judge Fuchsberg; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Chief Judge Cooke concurs.
Order reversed, etc.